UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:25-cv-05561-MCS-RAO** | Date | September 30, 2025 |
|---|---|---|---|
| Title | ***Trendy Continue, Inc. v. I Am a Fashion Junky, LLC*** | | |

| Present: The Honorable | Mark C. Scarsi, United States District Judge |
|---|---|

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) FURTHER ORDER TO SHOW CAUSE**

The Court ordered Plaintiff Trendy Continue, Inc., to show cause why the case should not be dismissed for lack of prosecution. (OSC, ECF No. 11.) The Court invited Plaintiff to respond by filing proof of service of Defendants I Am a Fashion Junky, LLC, and Iris Montgomery. (*Id.*) Plaintiff filed a response indicating it served Defendants. (OSC Resp., ECF No. 14.)

The proofs of service Plaintiff submitted on the same day as the response tend to indicate service was ineffective and tardy. The declaration of service of Iris Montgomery is not signed, and both declarations of service indicate the papers were delivered to a personal assistant on September 26, 2025. (I Am a Fashion Junky Proof of Service, ECF No. 12; Montgomery Proof of Service, ECF No. 13.) Neither proof of service demonstrates service compliant with Federal Rule of Civil Procedure 4(e)(2) or 4(h)(1)(B), because the personal assistant does not appear to be a person of suitable age and discretion who resides at Montgomery's dwelling or an agent authorized to receive service on behalf of the limited liability company. To the

extent Plaintiff attempted to complete substituted service following California law,[1] neither declaration suffices because neither memorializes the mailing of the summons and complaint, and because there is no declaration memorializing reasonable diligence exerted to serve Montgomery personally. *See* Cal. Civ. Proc. Code § 415.20(a)–(b). Moreover, both service attempts occurred over 90 days after the complaint was filed. *See* Fed. R. Civ. P. 4(m).

The Court orders Plaintiff to show cause why the case should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff shall file a written response within 14 days. Failure to file a timely and satisfactory response will result in dismissal without further notice.

**IT IS SO ORDERED.**

---

[1] The Court is not knowledgeable enough about Georgia law to determine whether service complied with the laws of the state in which service was made, *see* Fed. R. Civ. P. 4(e)(1), (h)(1)(A), but the server does not declare service was made under Georgia law, (*see* I Am a Fashion Junky Proof of Service (invoking Fed. R. Civ. P. 4(h) and Cal. Civ. Proc. Code § 415.20(a)); Montgomery Proof of Service (same, even though neither subdivision applies to service of a natural person)).